Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RAY WHITE and | ) | |
| JAMIE M. WHITE, | ) | Case No. 16-bk-1240 |
| | ) | |
| Debtors. | ) | Chapter 13 |
| _____ | ) | |
| | ) | |
| HELEN M. MORRIS, as | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 17-ap-16 |
| | ) | |
| MORTGAGE SOLUTIONS | ) | |
| OF COLORADO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Helen M. Morris, the Chapter 13 trustee administering the Chapter 13 estate of Ray and Jamie White (the "Debtors"), seeks judgment on her amended complaint against Mortgage Solutions of Colorado, LLC ("Mortgage Solutions"), under Fed. R. Civ. P. ("Rule") 12(c), made applicable here by Fed. R. Bankr. P. 7012(b). Mortgage Solutions asserts that judgment on the pleadings is not appropriate because the Trustee's amended complaint allegedly relies upon information beyond the pleadings, and the parties have not yet engaged in discovery.

1

For the reasons stated herein, the court will grant the Trustee's motion and order that Mortgage Solutions proof of claim is wholly unsecured in the Debtors' underlying bankruptcy case.[1]

## I. BACKGROUND

On July 25, 2016, the Debtors obtained a loan from Mortgage Solutions. To secure the Debtors' repayment of the loan, Mortgage Solutions obtained a deed of trust against the Debtors' property located at 504 W. Herring Rd., Masontown, West Virginia (the "Property"). Notably, the loan from Mortgage Solutions satisfied two prior debts secured by the Debtors' Property such that those lenders released their respective deeds of trust, and the Debtors and Mortgage Solutions anticipated Mortgage Solutions being the only entity with a lien against the Property. On February 21, 2017, Mortgage Solutions recorded its deed of trust. In the interim, however, the Debtors filed their voluntary Chapter 13 petition in this court.

## II. ANALYSIS

The Trustee asserts that her interest in the Debtors' property is superior to that of Mortgage Solutions. Specifically, she asserts that § 544(a)(3) of the Bankruptcy Code grants her the power to "avoid a transfer of property that is voidable by a hypothetical bona fide purchaser of Debtors' real estate for value and without notice of the transfer." In that regard, she relies upon W. V. Code § 40-1-9, which provides that a deed of trust "shall be void[] as to creditors, and subsequent purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record . . . ."

In opposition, Mortgage Solutions makes several arguments. Generally, it asserts that the Trustee's complaint does not contain adequate uncontested facts to support relief, particularly on

---

[1] The court notes that in its answer to the amended complaint, Mortgage Solutions, in effect, denies the Trustee's allegation that this proceeding is core under 28 U.S.C. § 157(b)(2) and withholds its consent to the court's entry of a final order consistent with § 157(c)(2). The court views Mortgage Solutions's denial in that regard as boilerplate, however, based upon the form of its pleading. Specifically, Mortgage Solutions contends that it is "neither required to admit or deny" the Trustee's allegation in that regard. "To the extent a response is required, Mortgage Solutions denies the allegation[]." Notably, however, Mortgage Solutions is required to state in its responsive pleading whether it "does or does not consent to entry of final orders or judgment by the bankruptcy judge." Fed. R. Bankr. P. 7012(b). In any event, the court is confident that it possesses authority to enter a final order on the Trustee's complaint based upon it asserting an action that arises under the Bankruptcy Code.

the pleadings alone. Additionally, Mortgage Solutions contends that affording the Trustee relief constitutes a windfall to the Debtors. Finally, it asserts that its failure to timely record its deed of trust was the result of acts or omissions of a third party, "the extent of which requires the development of additional facts . . . ."

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for a judgment on the pleadings." In reviewing a motion for a judgment on the pleadings, the court draws inferences in favor of the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). "A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Trentadue v. Zimmerman (In re Zimmerman)*, Adv. Pro. 15-3093, 2016 WL 4163586, at *2 (Bankr. N.D. Ohio Aug. 3, 2016) (internal quotation omitted).

Having considered the respective arguments of the parties and the record in this proceeding, the court will grant the Trustee's motion. The court finds such relief appropriate under Rule 12(c) because Mortgage Solutions admits that it did not record its deed of trust before the Debtors filed their petition for relief under Chapter 13. That fact, coupled with the Trustee's status under §544(a)(3), entitles the Trustee to relief as a matter of law. Notably, Mortgage Solutions does not assert any substantive basis upon which to deny the Trustee relief. Rather, it makes arguments that are not consequential to the resolution of this proceeding. In fact, Mortgage Solutions opposition to the Trustee's motion points squarely in the direction of why the Trustee is entitled to relief.

For instance, Mortgage Solutions concedes that the Trustee may avoid transfers that are voidable by a *hypothetical* bona fide purchaser of the Debtors' real property and notes that "a bona fide purchaser of land [is] one who purchases for a valuable consideration . . . without notice of any suspicious circumstances to put him upon inquiry . . . ." *Whiteside v. Whiteside*, 663 S.E.2d 631, 636-37 (W. Va. 2008) (quoting *Subcarrier Commc'ns, Inc. v. Nield*, 624 S.E.2d 729, 737 (W. Va. 2005)); *see Black's Law Dictionary* 1271 (8th ed. 2004) (defining "bona fide purchaser" as "[o]ne who buys something for value . . . without actual or constructive notice of any defects in . . . the seller's title."). It then argues, however, that the "[Trustee] does not allege . . . any facts showing that [she] was *in fact* without notice of the transfer . . . to Mortgage Solutions." Notably, the Trustee's hypothetical legal status as a bona fide purchaser in West Virginia cloaks her with the lack of notice, both constructive and actual, necessary to obtain relief as a bone fide purchaser.

3

Moreover, what the Trustee actually knew is immaterial.[2] The court is not tasked with determining whether the Trustee is a bone fide purchaser. The Bankruptcy Code removes the court's role in such a determination and affords her that status as of the petition date; she does not need to plead facts establishing her status as a bona fide purchaser because it exists by virtue of the statute. There can therefore be no contest otherwise.

The court is likewise unpersuaded by Mortgage Solutions's argument that relief on the Trustee's motion is inappropriate because the Debtors will receive a windfall. First, such a consideration is inappropriate under the standard by which the court adjudges motions under Rule 12(c). Moreover, the court's focus in this context is not upon a potential benefit to the Debtors. Indeed, the Debtors are not the plaintiff. Rather, the Trustee is exercising the rights conferred upon her under § 544(b)(3) of the Bankruptcy Code. The ultimate effect upon the Debtors and their Chapter 13 case is immaterial. What's more, the court cannot say in the narrow context of this adversary proceeding whether the Debtors will experience a windfall in their case. For instance, the avoidance of Mortgage Solutions's lien will require the Debtors to provide unsecured creditors, including Mortgage Solutions, a percentage dividend at least equal to what the unsecured creditors would receive in a Chapter 7 liquidation. 11 U.S.C. §1325(a)(4). The court is not obligated to consider or predict the effect that the outcome of this adversary proceeding may have upon the Debtors' Chapter 13 plan. The provisions of Chapter 13 dealing with plan promulgation and confirmation supply the means by which the effect of this litigation will be meted out.

Finally, the fact that Mortgage Solutions's predicament may be traceable to acts or omissions of third parties is irrelevant to the court's consideration of whether the Trustee is entitled to relief on her motion under Rule 12(c). Notably, Mortgage Solutions did not file a third-party complaint or otherwise assert that the Trustee failed to join an indispensable party. To the extent the acts or omissions of a third party damaged Mortgage Solutions, it may seek relief in that regard in another forum. That relief, however, is separate and apart from this proceeding, which presently is of limited scope. Additionally, although Mortgage Solutions asserts that it may have certain

---

[2] Specifically, the Bankruptcy Code gives the Trustee avoidance powers "without regard to any knowledge of the trustee or any creditor . . . ." 11 U.S.C. § 544(a). Notably, the Debtors' knowledge is also immaterial. Only the Trustee acting in her capacity as trustee of the case is relevant.

affirmative defenses to the amended complaint, such as equitable subrogation, it alleges no facts in its answer from which the court can draw inferences favorable to its theories.[3]

### III. CONCLUSION

Based upon the analysis herein, the court finds that Mortgage Solutions does not possess a security interest in the Debtors' property.  The court will therefore enter a separate order granting the Trustee's motion for judgment on the pleadings and sustaining the Debtor's objection to Mortgage Solutions's proof of claim.

---

[3] In that regard, it is quite likely that the facts regarding the failure to record its deed of trust are within the knowledge and control of the lender, Mortgage Solutions, not the Debtors as borrowers.  Recording a deed of trust is in the wheelhouse of the lender, not the borrower.